CROSNER LEGAL, P.C.
Craig W. Straub (SBN 249032)
craig@crosnerlegal.com
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
Kurt D. Kessler (SBN 327334)
kurt@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| MATTHEW RUTLEDGE*, individually, and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>NATURE'S PATH FOODS, INC.,<br><br>Defendant. | Case No.  5:24-cv-02107<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

### INTRODUCTION

1.    Plaintiff Matthew Rutledge ("Plaintiff") individually, and on behalf of all others similarly situated, and the general public, by and through undersigned counsel, brings this action against Nature's Path Foods, Inc. ("Defendant"), and upon information and belief and investigation of counsel, alleges as follows:

2.    This is a California consumer class action for violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), and for breach of express warranty.

3.    Defendant manufactures, distributes, advertises, and sells Panda Puffs® cereals. The packaging prominently displays on the front of the label the claim that these Products[1] contain "**No Artificial Flavors, Colors or Preservatives**."

4.    This statement is false. Each of the Products are made with tocopherols—an artificial preservative ingredient used in food products.

5.    Defendant's packaging, labeling, and advertising scheme is intended to give consumers the impression that they are buying a premium product that is free from artificial preservatives.

6.    Plaintiff was deceived by Defendant's unlawful conduct and brings this action individually and on behalf of similarly situated consumers to remedy Defendant's unlawful acts.

### JURISDICTION AND VENUE

7.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different

---

[1] "Products" means all Panda Puff products labeled as containing "No Artificial Flavors, Colors or Preservatives" that include tocopherols as an ingredient.

CLASS ACTION COMPLAINT

citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate, exclusive of interest and costs.

8.     This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of California, contracts to supply goods within the State of California, and supplies goods within the State of California. Defendant, on its own and through its agents, is responsible for the distribution, marketing, labeling, and sale of the Products in California, specifically in this county. The marketing of the Products, including the decision of what to include and not include on the labels, emanates from Defendant. Thus, Defendant has intentionally availed itself of the markets within California through its advertising, marketing, and sale of the Products to consumers in California, including Plaintiff. The Court also has specific jurisdiction over Defendant as it has purposefully directed activities towards the forum state, Plaintiff's claims arise out of those activities, and it is reasonable for Defendant to defend this lawsuit because it has sold deceptively advertised Products to Plaintiff and members of the Class in California. By distributing and selling the Products in California, Defendant has intentionally and expressly aimed conduct at California which caused harm to Plaintiff and the Class that Defendant knows is likely to be suffered by Californians.

9.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District because Plaintiff purchased the Product within this District.

### PARTIES

10.     Defendant Nature's Path Foods, Inc. ("Nature's Path") is a Canada corporation that maintains its principal place of business at in Richmond, Canada and maintains a registered agent in Glendale, California.

11.     At all times during the class period, Defendant was the manufacturer, distributor, marketer, and seller of the Products.

12.    Plaintiff is a resident of California. Plaintiff purchased the Products during the class period in California. Plaintiff relied on Defendant's deceptive advertising and labeling claims as set forth below.

<u>FACTUAL ALLEGATIONS</u>

**"NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" IS PROMINENTLY DISPLAYED ON THE LABELS OF THE PRODUCTS**

13.    The front labels for each of the Products prominently state that the Products contain **"NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES"** thereby misleading reasonable consumers into believing that the Products are free from artificially created preservatives. However, each of the Products contain the artificial preservative tocopherols. Below is an example of a label for one of the Products (red circle added):

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



14.    The side label where the nutrition info is found repeats and reinforces the "**NO Artificial Flavors, Colors or Preservatives**" claim (red circle added):

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**THE TOCOPHEROLS IN THE PRODUCTS ARE ARTIFICIAL PRESERVATIVES**

15.    Defendant uses synthetic and thus artificial tocopherols in the Products. Commercial food manufactures like Defendant use a synthetic form of tocopherols that is derived from a chemical process.

16.    The FDA has determined that manufactured tocopherols are artificial. 21 CFR § 182 specifically labels tocopherols as a "chemical preservative."

17.    The FDA explains that tocopherols are "chemically synthesized by condensing racemic isophytol with trimethyl hydroquinone", which is an artificial process. 21 CFR § 184.1890(a)(2).

18.    The patented process for the creation of synthetic tocopherols used in food products is found below.



19.    The National Organic Standards Board, an arm of the United States Department of Agriculture ("USDA") stated that tocopherols are separated from other compounds in vegetable oil distillate by multiple extraction and refining steps. These steps include solvent extraction, chemical treatment, crystallization, complexation, and vacuum or molecular distillation. Using the draft Classification of Materials guidance from the NOP, tocopherols are considered artificial based on their extraction and refining processes.[2]

_____
[2] National Organic Standards Board Handling Subcommittee Proposal, Additional Listing of Tocopherols at §205.605(a) (September 14, 2016) (citing Burdock, 1997; EFSA, 2008; Torres et al., 2011).

20.    Additionally, the USDA specifically labels tocopherols as "synthetic" in 7 CFR § 205.605.

21.    Guidance from the USDA specifically about tocopherols says that "[t]ocopherols (derived from vegetable oil when rosemary extracts are not a suitable alternative" are included on the National List as a synthetic nonagricultural substance." USDA goes on to say that Mixed tocopherols contain alpha-tocopherol, a form of vitamin E. Nutrient vitamins and minerals (in accordance with 21 CFR 104.20, Nutritional Quality Guidelines For Foods) are included on the National List as synthetic substances."[3] This is further factual evidence proving that the tocopherols ingredient in the Products is synthetic.

22.    The European Food Safety Authority further notes that tocopherols is a synthetic additive.[4]

23.    Dictionary definitions define "artificial" as something made by man. For example, "artificial" is defined as "made by human skill; produced by humans …"[5] Merriam-Webster's online dictionary states that "artificial" means "humanly contrived …"[6] Cambridge Dictionary states that "artificial" means "made by people, often as a copy of something natural."[7]

---

[3] Tocopherols, available at https://www.ams.usda.gov/sites/default/files/media/tocopherols%20report%202020 15.pdf, February 6, 2015.

[4] Scientific Opinion on the safety and efficacy of synthetic alpha-tocopherol for all animal species, https://www.efsa.europa.eu/en/efsajournal/pub/2784, July 19, 2012.

[5] *Artificial,* DICTIONARY.COM, *available at* https://www.dictionary.com/browse/artificial

[6] *Artificial*, MERRIAM-WEBSTER'S DICTIONARY, *available at* https://www.merriam-webster.com/dictionary/artificial

[7] *Artificial*, CAMBRIDGE DICTIONARY, *available at* https://dictionary.cambridge.org/us/dictionary/english/artificial

24.     Thus, via its extraction process, the fact that it needs to be isolated via chemical treatment, and its regulatory treatment by the US government, tocopherols are an artificial preservative that is added to food products.

25.     Furthermore, The Food and Drug Administration ("FDA") defines a preservative as "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties." 21 C.F.R. §101.22(a)(5). The FDA has listed tocopherols as a preservative in its "Overview of Food Ingredients, Additives and Colors" as shown below:[8]

| Types of Ingredients | What They Do | Examples of Uses | Names Found on Product Labels |
| --- | --- | --- | --- |
| Preservatives | Prevent food spoilage from bacteria, molds, fungi, or yeast (antimicrobials); slow or prevent changes in color, flavor, or texture and delay rancidity (antioxidants); maintain freshness | Fruit sauces and jellies, beverages, baked goods, cured meats, oils and margarines, cereals, dressings, snack foods, fruits and vegetables | Ascorbic acid, citric acid, sodium benzoate, calcium propionate, sodium erythorbate, sodium nitrite, calcium sorbate, potassium sorbate, BHA, BHT, EDTA, tocopherols (Vitamin E) |

26.     The Encyclopedia Britanica also classifies tocopherols as a preservative because it has antioxidant properties, as shown below[9]:

---

[8] *Overview of Food Ingredients, Additives & Colors,* FOOD AND DRUG ADMINISTRATION, *available at* https://web.archive.org/web/20220901032454/http://www.fda.gov/food/food-ingredients-packaging/overview-food-ingredients-additives-colors

[9] *Preservatives*, BRITANICA, *available at* https://www.britannica.com/topic/food-additive/Preservatives#ref502211

CLASS ACTION COMPLAINT

## Preservatives

Food preservatives are classified into two main groups: antioxidants and antimicrobials. Antioxidants are compounds that delay or prevent the deterioration of foods by oxidative mechanisms. Antimicrobial agents inhibit the growth of spoilage and pathogenic microorganisms in food.

**Food preservatives**

| chemical agent | mechanism of action |
|---|---|
| **Antioxidants** | |
| ascorbic acid | oxygen scavenger |
| butylated hydroxyanisole (BHA) | free radical scavenger |
| butylated hydroxytoluene (BHT) | free radical scavenger |
| citric acid | enzyme inhibitor/metal chelator |
| sulfites | enzyme inhibitor/oxygen scavenger |
| tertiary butylhydroquinone (TBHQ) | free radical scavenger |
| tocopherols | free radical scavenger |

27.     Thus, as it is both artificial and a preservative, tocopherols serve as an artificial preservative in food products.

**REASONABLE CONSUMERS ARE DECEIVED BY DEFENDANT'S FALSE LABELING STATEMENT AND SUFFERED ECONOMIC INJURY**

28.     Consumers, like Plaintiff, relied on Defendant's "No Artificial Flavors, Colors or Preservatives" labeling statement. The "No Artificial Flavors, Colors or Preservatives" statement on the labels of the Products is material to reasonable consumers.

29.     "[F]oods bearing 'free-from' claims are increasingly relevant to Americans, as they perceive the products as closely tied to health … 84 percent of American consumers buy free-from foods because they are seeking out more natural or less processed foods. In fact, 43 percent of consumers agree that free-from foods are healthier than foods without a free-from claim, while another three

9

in five believe the fewer ingredients a product has, the healthier it is (59 percent).
Among the top claims free-from consumers deem most important are trans-fat-free
(78 percent) and preservative-free (71 percent)."[10]

30.    Plaintiff and the putative class members suffered economic injury as
a result of Defendant's actions. Plaintiff and putative class members spent money
that, absent Defendant's actions, they would not have spent. Plaintiff and putative
class members are entitled to damages and restitution for the purchase price of the
Products that were falsely labeled and advertised. Consumers, including Plaintiff,
would not have purchased Defendant's Products, or would have paid less for the
Products, if they had known the Products actually contain an artificial preservative
ingredient in tocopherols.

### PLAINTIFF'S PURCHASE OF THE PRODUCTS

31.    Plaintiff purchased the Product at a retail store near his home in San
Bernardino County, California in early 2024. When purchasing the Product,
Plaintiff didn't expect that the "No Artificial Colors, Flavors or Preservatives"
statement on the label was false. Plaintiff did not expect Defendant to publicly
place deceptive statements about the contents of its Products on the front label of
the Products.

32.    Weh at the retail store, Plaintiff saw and relied on the "No Artificial
Colors, Flavors or Preservatives" claim on the labels of the Product before he
purchased the Product.  Plaintiff would not have purchased the Product, or at least
would have paid less for the Product, had he known that the Product contains an
artificial preservative ingredient. As a result, Plaintiff suffered injury in fact when

---

[10] *84% of Americans buy "free-from" foods because they believe them to be more
natural or less processed*, Mintel (Sept. 3, 2015), *available at*
https://www.mintel.com/press-centre/84-of-americans-buy-free-from-foods-
because-they-believe-them-to-be-more-natural-or-less-processed/

CLASS ACTION COMPLAINT

he spent money to purchase the Product he would not have purchased, or would
have paid less for, absent Defendant's deceptive labeling.

33.    Plaintiff wants to purchase the Products again if the label of the
Products was accurate and if the products truthfully contained "No Artificial
Colors, Flavors, or Preservatives." However, as a result of Defendant's ongoing
misrepresentations, Plaintiff is unable to rely on the Products' labeling when
deciding in the future whether to purchase the Products.

### NO ADEQUATE REMEDY AT LAW

34.    Plaintiff and members of the class are entitled to equitable relief as
no adequate remedy at law exists. The statutes of limitations for the causes of
action pled herein vary. Class members who purchased the Products more than
three years prior to the filing of the complaint will be barred from recovery if
equitable relief were not permitted under the UCL.

35.    The scope of actionable misconduct under the unfair prong of the
UCL is broader than the other causes of action asserted herein. It includes
Defendant's overall unfair marketing scheme to promote and brand the Products,
across a multitude of media platforms, including the product labels, packaging,
and online advertisements, over a long period of time, in order to gain an unfair
advantage over competitor products. Plaintiff and class members may also be
entitled to restitution under the UCL, while not entitled to damages under other
causes of action asserted herein (e.g., the CLRA is limited to certain types of
plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or
services for personal, family, or household purposes) and other statutorily
enumerated conduct).

36.    A primary litigation objective in this litigation is to obtain injunctive
relief. Injunctive relief is appropriate on behalf of Plaintiff and members of the
class because Defendant continues to misrepresent the Products as containing "No
Artificial Colors, Flavors or Preservatives" when the Products actually contain the

11

artificial preservative ingredient tocopherols. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, because a public injunction is available under the UCL, damages will not adequately benefit the general public in a manner equivalent to an injunction.

## CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following Classes:

**California Class**
All persons who purchased the Products for personal use in California within the applicable statute of limitations until the date class notice is disseminated.

**Multi-State Breach of Express Warranty Class**
All persons who purchased the Products for personal use in states with express warranty laws that are substantially similar to California law[11] within the applicable statute of limitations until the date class notice is disseminated.

38.     Excluded from the class are: (i) Defendant and their officers, directors, and employees; (ii) any person who files a valid and timely request for

_____

[11] Plaintiff preliminarily asserts the following states have express warranty laws that are substantially similar  to California's breach of express warranty law: Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Maine, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, or Wyoming.

CLASS ACTION COMPLAINT

exclusion; (iii) judicial officers and their immediate family members and associated court staff assigned to the case; (iv) individuals who received a full refund of the Products from Defendant.

39.    Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

40.    The Class is appropriate for certification because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

41.    <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

42.    <u>Commonality</u>: There is a well-defined community of interest in the common questions of law and fact affecting all Class Members. The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a.    Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b.    Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

c.    Whether Defendant made misrepresentations concerning the Products that were likely to deceive the public;

d.    Whether Plaintiff and the Class are entitled to injunctive relief;

e.    Whether Plaintiff and the Class are entitled to money damages and/or restitution under the same causes of action as the other Class Members.

13

43.    <u>Typicality</u>: Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

44.    <u>Adequacy</u>: Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent; the consumer fraud claims are common to all other members of the Class, and Plaintiff has a strong interest in vindicating the rights of the class; Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and proposed Class Counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

45.    The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.    The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.    The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

c.    When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.    This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.    Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f.    This class action will assure uniformity of decisions among Class Members;

g.    The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

h.    Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action;

46.    Additionally or in the alternative, the Class also may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

47.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendant from engaging in the acts described, and to require Defendant to provide full restitution to Plaintiff and the Class members.

48.    Unless the Class is certified, Defendant will retain monies that were taken from Plaintiff and Class members as a result of Defendant's wrongful conduct. Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

1

2                          **FIRST CLAIM FOR RELIEF**

3              *Violation of California's Consumers Legal Remedies Act*

4                        *Cal. Civ. Code §§ 1750 et seq.*

5                        *On behalf of the California Class*

6       49.    Plaintiff realleges and incorporates by reference all allegations

7  contained in this complaint, as though fully set forth herein.

8       50.    Plaintiff brings this claim under the CLRA individually and on behalf

9  of the Class against Defendant.

10      51.    At all times relevant hereto, Plaintiff and the members of the Class

11 were "consumer[s]," as defined in California Civil Code section 1761(d).

12      52.    At all relevant times, Defendant was a "person," as defined in

13 California Civil Code section 1761(c).

14      53.    At all relevant times, the Products manufactured, marketed,

15 advertised, and sold by Defendant constituted "goods," as defined in California

16 Civil Code section 1761(a).

17      54.    The purchases of the Products by Plaintiff and the members of the

18 Class were and are "transactions" within the meaning of California Civil Code

19 section 1761(e).

20      55.    Defendant disseminated, or caused to be disseminated, through its

21 advertising, false and misleading representations, including the Products' labeling

22 that the Products contain "No Artificial Flavors, Colors or Preservatives."

23 Defendant failed to disclose that the Products contain an artificial preservative

24 ingredient called tocopherols. This is a material misrepresentation and omission as

25 reasonable consumer would find the fact that the Products contain an artificial

26 preservative to be important to their decision in purchasing the Products.

27 Defendant's representations violate the CLRA in the following ways:

28

a) Defendant represented that the Products have characteristics, ingredients, uses, and benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

b) Defendant represented that the Products are of a particular standard, quality, or grade, which they are not (Cal. Civ. Code § 1770(a)(7));

c) Defendant advertised the Products with an intent not to sell the Products as advertised (Cal. Civ. Code § 1770(a)(9)); and

d) Defendant represented that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770(a)(16)).

56. Defendant violated the CLRA because the Products were prominently advertised as containing "No Artificial Flavors, Colors or Preservatives" but, in reality, the Products contain an artificial preservative ingredient called tocopherols. Defendant knew or should have known that consumers would want to know that the Products contain an artificial preservative.

57. Defendant's actions as described herein were done with conscious disregard of Plaintiff's and the Class members' rights and were wanton and malicious.

58. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA, since Defendant is still representing that the Products have characteristics which they do not have.

59. Pursuant to California Civil Code section 1782(d), Plaintiff and the members of the Class seek an order enjoining Defendant from engaging in the methods, acts, and practices alleged herein.

60. Pursuant to California Civil Code section 1782, Plaintiff notified Defendant in writing by certified mail of the alleged violations of the CLRA and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of their intent to so act. Defendant

17

did not agree to rectify the problems associated with the actions detailed herein and give notice to all affected consumers within 30 days of the date of written notice pursuant to section 1782 of the CLRA. Thus, Plaintiff seeks damages, including but not limited to actual damages and punitive damages, pursuant to the CLRA, in addition to injunctive relief, and requests that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money that may have been acquired in violation of the CLRA, and for such other relief as is provided under California Civil Code section 1780.

61.    Pursuant to section 1780(d) of the CLRA, below is an affidavit showing that this action was commenced in a proper forum.

## SECOND CLAIM FOR RELIEF

### *Violation of California's Unfair Competition Law*

### *Cal. Bus. & Prof. Code §§ 17200 et seq.*

### *On behalf of the California Class*

62.    Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

63.    Plaintiff brings this claim under the UCL individually and on behalf of the Class against Defendant.

64.    The UCL prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising.

65.    Defendant committed unlawful business acts or practices by making the representations and omitted material facts (which constitutes advertising within the meaning of California Business & Professions Code section 17200), as set forth more fully herein, and by violating California's Consumers Legal Remedies Act, Cal. Civ. Code §§17500, *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. § 17500, *et seq.*, 15 U.S.C. § 45, and by breaching express and implied warranties. Plaintiff, individually and on behalf of the other Class members, reserves the right to allege other violations of law, which constitute other

1  unlawful business acts or practices. Such conduct is ongoing and continues to this

2  date.

3      66.    Defendant committed "unfair" business acts or practices by: (1)

4  engaging in conduct where the utility of such conduct is outweighed by the harm

5  to Plaintiff and the members of the a Class; (2) engaging in conduct that is

6  immoral, unethical, oppressive, unscrupulous, or substantially injurious to

7  Plaintiff and the members of the Class; and (3) engaging in conduct that

8  undermines or violates the intent of the consumer protection laws alleged herein.

9  There is no societal benefit from deceptive advertising. Plaintiff and the other

10  Class members paid for a Product that is not as advertised by Defendant. Further,

11  Defendant failed to disclose a material fact (that the Products contain an artificial

12  preservative) of which they had exclusive knowledge. While Plaintiff and the other

13  Class members were harmed, Defendant were unjustly enriched by its false

14  misrepresentations and material omissions. As a result, Defendant's conduct is

15  "unfair," as it offended an established public policy. There were reasonably

16  available alternatives to further Defendant's legitimate business interests, other

17  than the conduct described herein.

18      67.    Defendant committed "fraudulent" business acts or practices by

19  making the representations of material fact regarding the Products set forth herein.

20  Defendant's business practices as alleged are "fraudulent" under the UCL because

21  they are likely to deceive customers into believing the Products actually contain

22  no preservatives.

23      68.    Plaintiff and the other members of the Class have in fact been

24  deceived as a result of their reliance on Defendant's material representations and

25  omissions. This reliance has caused harm to Plaintiff and the other members of the

26  Class, each of whom purchased Defendant's Products. Plaintiff and the other Class

27  members have suffered injury in fact and lost money as a result of purchasing the

28  Products and Defendant's unlawful, unfair, and fraudulent practices.

69.     Defendant's wrongful business practices and violations of the UCL are ongoing.

70.     Plaintiff and the Class seek pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class seek interest in an amount according to proof.

71.     Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate. Pursuant to California Business & Professions Code section 17203, Plaintiff, individually and on behalf of the Class, seeks (1) restitution from Defendant of all money obtained from Plaintiff and the other Class members as a result of unfair competition; (2) an injunction prohibiting Defendant from continuing such practices in the State of California that do not comply with California law; and (3) all other relief this Court deems appropriate, consistent with California Business & Professions Code section 17203.

### THIRD CLAIM FOR RELIEF

### *Breach of Express Warranty*

### *On behalf of the Multi-State Class and California Class*

72.     Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

73.     Plaintiff brings this claim for breach of express warranty individually and on behalf of the Class against Defendant.

74.     As the manufacturer, marketer, distributor, and seller of the Products, Defendant issued an express warranty by representing to consumers at the point of purchase that the Products contain "No Artificial Flavors, Colors or Preservatives."

75.     Plaintiff and the Class reasonably relied on Defendant's misrepresentations, descriptions and specifications regarding the Products,

including the representation that the Products contain "No Artificial Flavors, Colors or Preservatives."

76.    Defendant's representations were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and Members of the Class.

77.    In fact, the Products do not conform to Defendant's representations because the Products contain an artificial preservative ingredient called tocopherols. By falsely representing the Products in this way, Defendant breached express warranties.

78.    Plaintiff relied on Defendant's (the manufacturer) representations on the Products' labels and advertising materials which provide the basis for an express warranty under California law.

79.    All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiff and the other Multi-State Class members. Defendant breached its express warranties about the Products because, as alleged above, the Products are not free from "artificial preservatives." Defendant violated the following state warranty laws which are substantially similar to California express warranty law: Alaska Stat. section 45.02.313; A.R.S. section 47-2313; A.C.A. section 4-2-313; Cal. Com. Code section 2313; Colo. Rev. Stat. section 4-2-313; Conn. Gen. Stat. section 42a-2-313; 6 Del. C. section 2-313; D.C. Code section 28:2-313; O.C.G.A. section 11-2-313; HRS section 490:2-313; Idaho Code section 28-2-313; 810 ILCS 5/2-313; Ind. Code section 26-1-2-313; K.S.A. section 84-2-313; KRS section 355.2-313; 11 M.R.S. section 2-313; Mass. Gen. Laws Ann. ch. 106 section 2-313; Minn. Stat. section 336.2-313; Miss. Code Ann. section 75-2-313; R.S. Mo. Section 400.2-313; Mont. Code Anno. Section 30-2-313; Neb. Rev. Stat. section 2-313; Nev. Rev. Stat. Ann. section 104.2313; RSA 382-A:2-313; N.J. Stat. Ann. section 12A:2-313; N.M. Stat. Ann. section 55-2-313; N.Y. U.C.C. Law section 2-313; N.C. Gen. Stat. section 25-2-313; N.D. Cent. Code section 41-02-30; ORC Ann. section 1302.26;

12A Okl. St. section 2-313; Or. Rev. Stat. section 72-3130; 13 Pa.C.S. section 2313; R.I. Gen. Laws section 6A-2-313; S.C. Code Ann. section 36-2-313; S.D. Codified Laws, section 57A-2-313; Tenn. Code Ann. section 47-2-313; Tex. Bus. & Com. Code section 2.313; Utah Code Ann. section 70A-2-313; 9A V.S.A. section 2-313; Va. Code Ann. section 59.1-504.2; Wash. Rev. Code Ann. section 62A.2-313; W. Va. Code section 46-2-313; and Wyo. Stat. section 34.1-2-313.

80.     As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class were injured because they: (1) paid money for the  Products that were not what Defendant represented; (2) were deprived of the benefit of the bargain because the Products they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Products they purchased had less value than if Defendant's representations about the characteristics of the Products were truthful. Had Defendant not breached the express warranty by making the false representations alleged herein, Plaintiff and Class Members would not have purchased the Products or would not have paid as much as they did for them.

## REQUEST FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated, request for relief pursuant to each claim set forth in this complaint, as follows:

a.     Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as the Class Representative and appointing the undersigned counsel as Class Counsel;

b.     Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of Defendant's unlawful, unfair, and fraudulent business practices;

c.     Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

1        d.     Ordering damages in amount which is different than that calculated

2    for restitution for Plaintiff and the Class;

3        e.     Ordering Defendant to pay attorneys' fees and litigation costs to

4    Plaintiff and the other members of the Class;

5        f.     Ordering Defendant to pay both pre- and post-judgment interest on

6    any amounts awarded; and

7        g.     Ordering such other and further relief as may be just and proper.

8    **JURY DEMAND**

9        Plaintiff hereby demands a trial by jury of all claims in this Complaint so

10   triable.

11   Dated: October 2, 2024              CROSNER LEGAL, P.C.

12                                       By:      */s/ Craig W. Straub*

13                                            CRAIG STRAUB

14                                     Craig W. Straub (SBN 249032)

15                                     craig@crosnerlegal.com
                                       Michael T. Houchin (SBN 305541)

16                                     mhouchin@crosnerlegal.com
                                       Kurt D. Kessler (SBN 327334)

17                                     kurt@crosnerlegal.com

18                                     9440 Santa Monica Blvd. Suite 301

19                                     Beverly Hills, CA 90210
                                       Tel: (866) 276-7637

20                                     Fax: (310) 510-6429

21                                     *Attorneys for Plaintiff and the Proposed*

22                                     *Class*

23

24

25

26

27

28

23
**CLASS ACTION COMPLAINT**

1

<u>Civil Code Section 1780(d) Affidavit</u>

2

I am an attorney duly licensed to practice before all of the courts of the State

3

of California. I am one of the counsel of record for Plaintiff. This declaration is

4

made pursuant to § 1780(d) of the California Consumers Legal Remedies Act.

5

Defendant has done, and are doing, business in California, including in this district.

6

I declare under penalty of perjury under the laws of the State of California that the

7

foregoing is true and correct. Executed October 2, 2024 at San Diego, California.

8

By:        *Craig W. Straub*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT